McDANIEL *v.* PRAIRIE COUNTY.

4-2918

Opinion delivered March 20, 1933.

40

*Craig & Craig,* for appellant.

*Emmet Vaughan,* for appellee.

KIRBY, J., (after stating the facts). The statute expressly allows restoration and reinstatement of a claim and order of the court thereon, §§ 8342-43, Crawford & Moses' Digest.

The petition was sufficient, and was not only verified by affidavit of the petitioner, but was supported by affidavits of the former county judge, who made the allowance, the county clerk, who filed it, and the road overseer, under whose supervision and direction the work for which the claim was presented was done.

There is no question about notice, since the county appeared and resisted the proceeding, which was one, as already said, to restore and reinstate a lost order and claim and not to procure the allowance of a claim against the county in the regular course.

The court erred in sustaining the demurrer to the complaint upon the two counts as alleged, since, if the order of allowance were reinstated in conformity with the allegations of the petition, it would have the same force and effect and relate back and take effect from the time when the original allowance, judgment or decree was rendered. *Id.*, § 8343.

Neither could the right to the reinstatement be defeated by any contention that the original claim was not itemized according to law, nor that the claim was barred under the provisions of the Constitution as set forth in Amendment No. 10 thereto, the claim as originally made having been duly allowed with no appeal therefrom.

As already said, this is not a proceeding to verify or collect the claim, in which such contention could have been made if the conditions warranted, but only to restore the record, the order of allowance of the claim long since properly made, the original claim as presented for such allowance, and their reinstatement upon the records of the court. *Chicago Title & Abstract Co.* v. *Hagler Special School District*, 178 Ark. 443, 12 S. W. (2d) 881; *Williams* v. *Dawson*, 185 Ark. 1190, 46 S. W. (2d) 634.

The court erred therefore in sustaining the demurrer and dismissing the complaint, and the judgment is reversed and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.